IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02510-BNB

PAUL JAMES IRVIN,

    Applicant,

v.

PEOPLE OF THE STATE OF COLORADO, and
JOHN SUTHERS, The Attorney General of the State of Colorado,

    Respondents.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

NOV 1 9 2010

GREGORY C. LANGHAM
                  CLERK

---

ORDER DIRECTING APPLICANT TO FILE AMENDED APPLICATION

---

Applicant, Paul James Irvin, is a prisoner in the custody of the Colorado Department of Corrections and is currently incarcerated at the Kit Carson Correctional Center in Burlington, Colorado. Mr. Irvin, acting *pro se*, filed an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. The Court must construe the Application liberally because Mr. Irvin is a *pro se* litigant. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court, however, should not act as a *pro se* litigant's advocate. See *Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Irvin will be ordered to file an Amended Application.

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts requires that Mr. Irvin go beyond notice pleading. See *Blackledge v. Allison*, 431 U.S. 63, 75 n.7 (1977). Naked allegations of constitutional violations devoid of factual support are not cognizable in a federal habeas action. See *Ruark v. Gunter*, 958 F.2d 318, 319 (10th Cir. 1992) (per curiam). Mr. Irvin must allege **on the Court-**

**approved form** both the claims he seeks to raise and the specific facts to support each asserted claim. The Court has reviewed the Application submitted to the Court on November 16, 2010 and finds that it is deficient. Mr. Irvin fails to assert on Pages Five and Six a statement of the claims he intends to raise in this Court.

The Court is not responsible for reviewing any attached documents submitted by Mr. Irvin to determine what claims and specific facts he intends to raise in the instant action. Therefore, Mr. Irvin will be ordered to file an Amended Application in which he identifies, **on the Court-approved form**, all the specific claims for relief that he is asserting, and in which he provides specific facts in support of each asserted claim.

In addition, Mr. Irvin fails to name his custodian as a Respondent. The law is well-established that the only proper respondent to a habeas corpus action is the applicant's custodian. *See* 28 U.S.C. § 2242; Rules 2(a) and 1(b), Rules Governing Section 2254 Cases in the United States District Courts; **Harris v. Champion**, 51 F.3d 901, 906 (10th Cir. 1995). The People of the State of Colorado is not a proper party to this action. Because Mr. Irvin is confined at the Kit Carson Correctional Center and is attacking a Colorado state conviction, he must name as Respondents the official in charge of the Kit Carson Correctional Center and the Attorney General of the State of Colorado. Accordingly, it is

ORDERED that Mr. Irvin file **within thirty days from the date of this Order** an Amended Application that complies with the Order. It is

FURTHER ORDERED that the Clerk of the Court mail to Mr. Irvin, together with a copy of this Order, two copies of the following form: Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. It is

FURTHER ORDERED that if Mr. Irvin fails within the time allowed to file an Amended Application, as directed above, the action will be dismissed without further notice.

DATED November 19, 2010, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-02510-BNB

Paul James Irvin
Prisoner No. 115643
Kit Carson Corr. Center
PO Box 2000
Burlington, CO 80807

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254** to the above-named individuals on __11/19/10__

GREGORY C. LANGHAM, CLERK

By: _____
       Deputy Clerk