IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02510-BNB

PAUL JAMES IRVIN,

    Applicant,

v.

PEOPLE OF THE STATE OF COLORADO, and
JOHN SUTHERS, The Attorney General of the State of Colorado,

    Respondents.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

DEC 28 2010

GREGORY C. LANGHAM
CLERK

---

## ORDER DIRECTING APPLICANT TO FILE AMENDED APPLICATION

---

Applicant, Paul James Irvin, is a prisoner in the custody of the Colorado Department of Corrections and is currently incarcerated at the Kit Carson Correctional Center in Burlington, Colorado. Mr. Irvin, acting *pro se*, filed an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254.

On November 19, 2010, the Court reviewed the Application and determined that it was deficient. Therefore, Mr. Irvin was directed to file an Amended Application, which he submitted to the Court on December 10, 2010. The Court must construe the Amended Application liberally because Mr. Irvin is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court, however, should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Irvin will be ordered to file a Second Amended Application.

The Court has reviewed the Second Amended Application and finds that it is deficient. First, Mr. Irvin again names an improper respondent. Executive Director Aristedes Zavaras is not a proper party to this action. The law is well-established that the only proper respondent to a habeas corpus action is the applicant's custodian. *See* 28 U.S.C. § 2242; Rules 2(a) and 1(b), Rules Governing Section 2254 Cases in the United States District Courts; **Harris v. Champion**, 51 F.3d 901, 906 (10th Cir. 1995). In the November 19, 2010, order for amended application, Magistrate Judge Boyd N. Boland informed Mr. Irvin that the only proper Respondent in a habeas corpus action is his warden, i.e., Warden Chapman.

In addition to naming the proper Respondent on his second amended application, Mr. Irvin must assert his claims clearly and he must allege specific facts in support of each asserted claim. In Mr. Irvin's first claim, he asserts the following: "Whether Court erred in allowing evidence to be presented concerning an unduly suggestive out of Court identification. These were not properly addressed by counsel. Whether the Court erred in refusing to surpress [sic] the cuodial [sic] statements made by Mr. Irvin." Amended Application at 5. As Mr. Irvin's second claim, he asserts the following: "This was an IAC claim. Whether the Court erred in refusing to supress [sic] cumulative and unfairly prejudicial prior bad act evidence under CRE 404." *Id.* at 6. Mr. Irvin's claims are vague, confusing and are not supported by any factual allegations. In addition, § 2254 provides a remedy only for violations of the "Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Mr. Irvin's claims do not clearly identify any constitutional violations. Furthermore, pursuant to Rules 2(c)(1) and 2(c)(2)

of the Rules Governing Section 2254 Cases in the United States District Courts, Mr. Irvin must "specify all [available] grounds for relief" and he must "state the facts supporting each ground." These habeas corpus rules are more demanding than the rules applicable to ordinary civil actions, which require only notice pleading. *See Mayle v. Felix*, 545 U.S. 644, 655 (2005). Naked allegations of constitutional violations are not cognizable under § 2254. *See Ruark v. Gunter*, 958 F.2d 318, 319 (10th Cir. 1992) (per curiam). Therefore, Mr. Irvin will be directed to file a second amended application that names only the proper Respondent, clarifies the constitutional claims he is asserting, and sets forth specific facts in support of each asserted claim. Accordingly, it is

ORDERED that Applicant, Paul James Irvin, file **within thirty (30) days from the date of this order** a second amended application that complies with the requirements set forth above. It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Irvin, together with a copy of this order, two copies of the following form to be used in submitting the second amended application: Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. It is

FURTHER ORDERED that the second amended application shall be titled "Second Amended Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254," and shall be filed with the Clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 Nineteenth Street, A105, Denver, Colorado 80294. It is

FURTHER ORDERED that if Mr. Irvin fails within the time allowed to file a second amended application as directed, the amended application will be denied and the action dismissed without further notice.

DATED December 28, 2010, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-02510-BNB

Paul James Irvin
Prisoner No. 115643
Kit Carson Corr. Center
PO Box 2000
Burlington, CO 80807

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254** to the above-named individuals on December 28, 2010.

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk