IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 10-cv-02510-PAB

PAUL JAMES IRVIN,

    Applicant,

v.

PEOPLE OF THE STATE OF COLORADO
WARDEN CHAPMAN, and
JOHN SUTHERS, the Attorney General of the State of Colorado,

    Respondents.

---

## ORDER TO DISMISS IN PART AND FOR ANSWER

---

    Applicant, Paul James Irvin, is in the custody of the Colorado Department of Corrections and currently is incarcerated at the Kit Carson Correctional Center in Burlington, Colorado.  Mr. Irvin initiated this action by filing *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 challenging the validity of his conviction in Case No. 06CR2196 in the District Court of Adams County, Colorado.  He filed an Amended Application on December 10, 2010 and a Second Amended Application on February 25, 2011.

    In an order entered on March 2, 2011, Magistrate Judge Boyd N. Boland directed Respondents to file a Pre-Answer Response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A).  On March 11, 2011, Respondents filed a

Pre-Answer Response.  Mr. Irvin submitted a letter on March 21, 2010, which the Court will construe as a Reply.

The Court must construe liberally the Second Amended Application filed by Mr. Irvin because he is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not act as an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  For the reasons stated below, the Application will be denied in part.

On May 29, 2007, a jury found Mr. Irvin guilty of one count of aggravated motor vehicle theft.  Pre-Answer Resp., Ex. A at 7-8 (State Register of Actions).  On August 1, 2007, the trial court sentenced Mr. Irvin to ten years in the Colorado Department of Corrections plus five years of parole.  *Id.* at 7.

The Colorado Court of Appeals affirmed Mr. Irvin's conviction on direct appeal. *See People v. Irvin*, No. 07CA1806 (Colo. App. Aug. 20, 2009) (unpublished opinion) Pre-Answer Resp., Ex. D.  Mr. Irving did not seek certiorari review in the Colorado Supreme Court and the mandate issued on October 16, 2009.  Pre-Answer Resp., Ex. E.

On August 2, 2010, Mr. Irvin filed a motion for post-conviction relief pursuant to Colo. Crim. P. Rule 35(c), which the trial court denied on August 9, 2010.  Pre-Answer Resp., Ex. A, at 6.  Mr. Irvin did not file an appeal.

Mr. Irvin then filed an Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254, which was received by the Court on November 16, 2010.  Mr. Irvin filed an Amended Application on December 10, 2010 and a Second Amended Application

on February 25, 2011.  In the Second Amended Application, Mr. Irvin asserts three claims.

Respondents argue that this action is barred by the one-year limitation period in 28 U.S.C. § 2244(d).  Respondents further argue that Mr. Irvin failed to exhaust state remedies for his second and third claims and, therefore, the Second Amended Application is subject to dismissal as a mixed petition pursuant to *Rose v. Lundy*, 455 U.S. 509 (1982).

**I.      AEDPA Time Bar**

Section 2244(d) provides as follows:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of–
>
> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In order to apply the one-year limitation period, the Court first must determine when the judgment of conviction in Mr. Irvin's criminal case became final. Because Mr. Irvin filed a direct appeal, but did not file a petition for writ of certiorari to the Colorado Supreme Court, his conviction became final forty-six days after August 20, 2009, the date the Colorado Court of Appeals issued its decision. *See* Colo. App. R. 52(3) ("Any petition for writ of certiorari to review a judgment of the court of appeals shall be filed in the Supreme Court within forty-six days of the issuance of the opinion of the court of appeals, if no petition for rehearing is filed."). Therefore, the Court finds that Mr. Irvin's conviction became final on October 5, 2009. As such, the one-year statute of limitations began to run on October 6, 2009, the next business day after the conclusion of the time to appeal. *See, e.g., Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. 2003).

The Court must next determine whether any of Mr. Irvin's state court post-conviction motions tolled the one-year limitation period. Pursuant to 28 U.S.C. § 2244(d)(2), a properly filed state court post-conviction motion tolls the one-year limitation period while the motion is pending. An application for post-conviction review is properly filed with the meaning of § 2244(d)(2) "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). The requirements include:

>(1) the place and time of filing; (2) the payment or waiver of any required filing fees; (3) the obtaining of any necessary judicial authorizations that are conditions precedent to filing, such as satisfying any filing preconditions that may have been imposed on an abusive filer; and (4) other conditions precedent that the state may impose upon the filing of a post-conviction motion.

*Habteselassie v. Novak*, 209 F.3d 1208, 1210-11 (10th Cir. 2000).

The issue of whether a postconviction motion is pending is a matter of federal law. See Gibson v. Klinger, 232 F.3d 799, 806 (10th Cir. 2000). The term "pending" includes "all of the time during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state court remedies with regard to a particular post-conviction application." *Barnett v. Lemaster*, 167 F.3d 1321, 1323 (10th Cir. 1999). Furthermore, "regardless of whether a petitioner actually appeals a denial of a post-conviction application, the limitations period is tolled during the period in which the petitioner could have sought an appeal under state law." *Gibson*, 232 F.3d at 804.

There were no pending motions in Mr. Irvin's state court action between October 6, 2009 and August 1, 2010. These 300 days are counted against the statute of limitations. Mr. Irvin filed a Colo. Crim. P. Rule 35(c) motion on August 2, 2010, which the trial court denied on August 9, 2010. Pre-Answer Resp., Ex. A, at 6. The statute of limitations was tolled until September 23, 2010, forty-five days after the trial court denied the motion. *See* Colo. App. R. 4(b)(1) (a defendant in a criminal case must file a notice of appeal within forty-five days after the entry of judgment or order appealed from).

The statute of limitations began to run again on September 24, 2010 and ran until November 16, 2010, the date Mr. Irvin filed his § 2254 Application in this action.

These 53 days are counted against the statute of limitations. Accordingly, the Court finds that only 353 days of the statute of limitations have run (300 days + 53 days = 353) and this action is timely.

## II.     Exhaustion of State Remedies and Procedural Default

Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights. *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever*, 36 F.3d at 1534.

Furthermore, the "substance of a federal habeas corpus claim" must have been presented to the state courts in order to satisfy the fair presentation requirement. *Picard v. Connor*, 404 U.S. 270, 278 (1971); *see also Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir. 1989). Although fair presentation does not require a habeas corpus petitioner to cite "book and verse on the federal constitution," *Picard*, 404 U.S. at 278 (internal quotation marks omitted), "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts." *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam). A claim must be presented as a federal constitutional

claim in the state court proceedings in order to be exhausted.  *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam).  Finally, "[t]he exhaustion requirement is not one to be overlooked lightly."  *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995).  A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies.  *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

If a habeas petitioner "failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred . . . there is a procedural default. . . . ."  *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991); *Harris v. Reed*, 489 U.S. 255, 269-70 (1989)).  A claim that has been procedurally defaulted in the state courts is barred from federal habeas review unless the prisoner can show cause for the default and actual prejudice as a result of the federal violation, or demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice.  *Coleman*, 501 U.S. at 750; *Cummings v. Sirmons*, 506 F.3d 1211, 1224 (10th Cir. 2007) (citation omitted).  Mr. Irvin's *pro se* status does not exempt him from the requirement of demonstrating either cause and prejudice or a fundamental miscarriage of justice.  *See Lepiscopo v. Tansy*, 38 F.3d 1128, 1130 (10th Cir. 1994).

    **A.**    **Claim Two**

In Mr. Irvin's second claim, he asserts that the trial court erred in failing to suppress his custodial statement because the arresting officer relied on an unduly suggestive identification of Mr. Irvin by a fellow officer and therefore lacked probable

cause to arrest him. Application at 6. Respondents argue that claim two is unexhausted because Mr. Irvin relied solely on state law when he presented this claim to the state courts. Pre-Answer Resp. at 6. Respondents therefore contend that Mr. Irvin failed to present the claim to the state courts as a federal constitutional claim. *Id.* Upon initial review of the Application and Pre-Answer Response, the Court agreed with Respondents that Petitioner had failed to exhaust state remedies for his second claim. The Court thus ordered Mr. Irvin to show cause why claim two should not be dismissed as procedurally barred. However, the Court has reconsidered that initial finding and now vacates the April 29 show cause order as it applies to claim two.

In his Opening Brief to the Colorado Court of Appeals, Mr. Irvin relied on Colo. Rev. Stat. § 16-3-102 (2006) as the basis for his claim that the police did not have probable cause to arrest him. The statute states:

> (1) A peace officer may arrest a person when:
>
> (a) He has a warrant commanding that such person be arrested; or
>
> (b) Any crime has been or is being committed by such person in his presence; or
>
> (c) He has probable cause to believe that an offense was committed and has probable cause to believe that the offense was committed by the person to be arrested.

Pre-Answer Resp., Ex. B, at 18.

Although Mr. Irvin did not expressly invoke the Fourth Amendment in support of his claim and did not cite to any federal law in his argument, he relied on Colorado Supreme Court authority that discusses and applies state law probable cause standards which are rooted in the Fourth Amendment. *Id.* at 18-19 (citing *People v.*

*Tufts*, 717 P.2d 485 (Colo. 1986) (and cases cited therein), and *People v. Washington*, 865 P.2d 145 (1994) (and cases cited therein)). In *Baldwin v. Reese*, 541 U.S. 27, 33 (2004), the Supreme Court recognized that the exhaustion requirement is met where the habeas petitioner cites "any case that might have alerted the [state] court to the alleged federal nature of the claim." Although the Tenth Circuit has not addressed the precise contours of the "fair presentation" requirement, other courts of appeal have held that a petitioner satisfies the fair presentation requirement by relying on state cases that apply a constitutional analysis to similar facts; framing the claim in terms that call to mind a specific constitutional right; or by alleging a pattern of facts that is well within the mainstream of constitutional litigation. *See Jackson v. Edwards*, 404 F.3d 612, 621 (2d Cir. 2005); *McCandless v. Vaughn*, 172 F.3d 255, 261 (3rd Cir. 1999); *Ellsworth v. Levenhagen*, 248 F.3d 634, 639 (7th Cir. 2001).

In this case, the state cases relied on by Applicant do not themselves cite the Constitution or federal law, but rely on other state authority that incorporates Supreme Court case law. *See Washington*, 865 P.2d at 147 (citing *People v. Diaz*, 793 P.2d 1181, 1183 (Colo. 1990) (citing *Illinois v. Gates*, 462 U.S. 213 (1983)); *Tufts*, 717 P.2d at 491 (citing *Banks v. People*, 696 P.2d 293, 296 (Colo. 1985) (and Supreme Court cases cited therein)). In addition, the Applicant's argument to the state appellate court that police officers lacked "probable cause" to arrest him, and, therefore, all evidence obtained as a result of the arrest should have been suppressed, immediately calls to mind the Fourth Amendment and alleges a pattern of facts that implicates a Fourth Amendment concern. Pre-Answer Resp. Ex. B, at 19; *see* U.S. Const. amend. IV.

Importantly, the state law probable cause standard is identical to the Fourth Amendment standard. *See Duncan*, 513 U.S. at 366 (concluding that habeas petitioner failed to exhaust state remedies for his claim challenging trial's court's admission of evidence because the state and federal inquiries were "no more than somewhat similar" rather than "virtually identical"). Accordingly, the Court finds that Mr. Irvin has exhausted state remedies for his second claim because the Colorado Court of Appeals had a fair opportunity to pass upon and correct an alleged violation of Mr. Irvin's Fourth Amendment rights. *See Picard*, 404 U.S. at 275.

Accordingly, the Court finds that Mr. Irvin has exhausted state remedies for his second claim because the Colorado Court of Appeals had a fair opportunity to pass upon and correct an alleged violation of Mr. Irvin's Fourth Amendment rights. *See Picard*, 404 U.S. at 275.

### B.     Claim Three

In his third claim, Mr. Irvin asserts that the trial court erred in admitting prejudicial prior bad acts evidence pursuant to Colorado Rule of Evidence 404(b). Application at 6. Respondents argue that claim three is unexhausted because Mr. Irvin relied on Colorado law in support of his claim and did not cite any federal authority or the federal Constitution. Pre-Answer Resp. at 7. The Court agrees. Mr. Irvin argued in his Opening brief to the Colorado Court of Appeals that the trial court "erred in admitting testimony of alleged prior bad acts due to the Prosecution's failure to meet the requisite standard articulated by the Colorado Supreme Court." Pre-Answer Resp. Ex. B at 23. Mr. Irvin did not argue, however, that the trial court's admission of the evidence

deprived him of his Fourteenth Amendment due process right to a fair trial or cite any federal case law relying on constitutional principles in support of his claim.  *See id.* at 19-27.   The Court finds that Mr. Irvin did not present his third claim to the state appellate court as a federal constitutional claim.  *See e.g. Estelle v. McGuire*, 503 U.S. 62, 67-68 (1991)( "[F]ederal habeas corpus relief does not lie for errors of state law."). Accordingly, Mr. Irvin has failed to exhaust claim three.

If Mr. Irvin attempted to raise his third claim in the state trial court at this time, it would be dismissed because Mr. Irvin has already filed one post conviction motion. See Pre-Answer Resp., Ex. A at 6.  The Colorado Rules of Criminal Procedure prohibit successive Crim. P. Rule 35 motions with limited exceptions that are not applicable to Mr. Irvin's  claim.  *See* Colo. R. Crim. P. 35(c)(3)(VI) and (VII); *see also People v. Thomas*, 195 P.3d 1162 (Colo. App. 2008); *People v. Valdez*, 178 P.3d 1269, 1275 (Colo. App. 2007); *People v. Tolbert*, 216 P.3d 1, 3 (Colo. App. 2007); *accord Turman v. Buckallew*, 784 P.2d 774, 780 (Colo. 1989) ("We have emphasized that where a post-conviction application is filed, it should contain all factual and legal contentions of which the applicant knew at the time of filing, and failure to do so will, unless special circumstances exist, ordinarily result in a second application containing such grounds being summarily denied.") (internal quotation marks omitted).  The Court finds that Mr. Irvin has procedurally defaulted his third claim.

Although Respondents do not raise the issue of procedural default, this Court may do so sua sponte.  *See Hardiman v. Reynolds*, 971 F.2d 500, 505 (10th Cir. 1992). Magistrate Judge Boland notified Mr. Irvin that the Court was raising the issue of

procedural default and afforded him an opportunity to respond.  *See* April 29, 2011 Order to Show Cause.  Mr. Irvin was warned that failure to respond to the April 29 Order would result in the dismissal of his third claim.   Mr. Irvin did not respond to the April 29 Order to Show Cause within the time allowed, and has otherwise failed to meet the cause and prejudice standard or demonstrate that the failure to consider his claim will result in a fundamental miscarriage of justice.  Mr. Irvin therefore is procedurally barred from raising his third claim in this federal habeas action.  Accordingly, it is

ORDERED that claim three is dismissed as procedurally barred.  It is further

ORDERED that the April 29, 2011 Order to Show Cause is vacated <u>as to Mr. Irvin's second claim for relief only</u>.  It is further

ORDERED that within thirty days, Respondent Attorney General of the State of Colorado is directed to file an answer in compliance with Rule 5 of the Rules Governing Section 2254 Cases that fully addresses the merits of exhausted claims one and two.  It is further

ORDERED that within thirty days of the filing of the answer Applicant may file a reply, if he desires.


DATED July 11, 2011.

BY THE COURT:


  s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge