IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 10-cv-02510-PAB

PAUL JAMES IRVIN,

    Applicant,

v.

PEOPLE OF THE STATE OF COLORADO
WARDEN CHAPMAN, and
JOHN SUTHERS, the Attorney General of the State of Colorado,

    Respondents.

---

**ORDER DENYING APPLICATION FOR A WRIT OF HABEAS CORPUS**

---

This matter is before the Court on Applicant Paul James Irvin's pro se second amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 [Docket No. 16], filed on February 25, 2011 ("the Petition"). Remaining for disposition on the merits are Applicant's first and second claims. Respondents have filed an Answer to those claims. Applicant was given an opportunity to file a Traverse. Having considered the same, along with the state court record, the Court concludes that the Petition should be denied.

**I. BACKGROUND**

On May 31, 2007, a jury in the District Court for Adams County, Colorado ("the trial court"), Case No. 06CR2196, convicted Applicant of aggravated motor vehicle theft. State Court R., Vol. 1, at 149. The following statement of facts is taken from the Colorado Court of Appeals decision on direct appeal of Applicant's conviction:

> In July 2006, Aurora police officers, on stakeout, observed defendant and a passenger get into a vehicle reported to be stolen. Officers attempted to block the vehicle with their unmarked patrol cars, but defendant rammed the cars, drove onto the curb, and sped away. Officers gave chase and the passenger jumped out of the vehicle several blocks away from the initial confrontation.
>
> The investigating officer made bumper-to-bumper contact with defendant's vehicle, his headlights shone directly in defendant's front windshield, and he observed defendant for six to ten seconds from a distance of six to seven feet, and described him as a dark black male with "bug eyes" and a bald head.
>
> Less than an hour later, at the police station the investigating officers described the driver to a narcotics officer who recognized the description as fitting defendant. The narcotics officer obtained a photograph of defendant from a case file and showed it to the investigating officer, who immediately identified the person in the photograph as the driver of the vehicle.
>
> The police issued a "BOLO" – a "be on the lookout for report" – for defendant that day based on the officer's identification. Defendant was contacted and arrested without a warrant six days later by an officer aware of the "BOLO." The arresting officer immediately advised the defendant of his rights pursuant to *Miranda v. Arizona*, 384 U.S. 436 (1966). Defendant signed and dated the advisement form, agreeing that he understood his rights and waived them. He then admitted he was driving the vehicle at the time of the encounter with the police but stated that he had rented it in exchange for crack-cocaine.

*People v. Irvin,* 07CA1806 (Colo. App. Aug. 20, 2009) (unpublished opinion)*,* attached to Respondents' Pre-Answer Resp. as Ex. D, at 1-2. On August 1, 2007, the trial court sentenced Applicant to a ten-year prison term in the Colorado Department of Corrections. State Court R., Vol. 1, at 149.

The Colorado Court of Appeals affirmed Applicant's conviction on direct appeal. *Irvin*, Pre-Answer Resp., Ex. D. Applicant did not seek certiorari review with the Colorado Supreme Court.

Applicant filed a motion for post conviction relief pursuant to Colo. Crim. P. Rule 35(c) on August 2, 2010, which the trial court denied on August 9, 2010. Pre-Answer Resp. Ex. A, at 6. He did not appeal the trial court's order.

## II.  HABEAS CLAIMS

Applicant filed his initial § 2254 Application on November 16, 2010. He filed the Petition (second amended Application) on February 25, 2011. Applicant asserts three claims in the Petition: (1) the trial court violated his due process rights by admitting the investigating officer's identification of the Applicant because it was based on an unduly suggestive pretrial identification procedure; (2) the trial court erred in refusing to suppress his custodial statement because the police lacked probable cause to arrest him; and (3) the trial court erred when it allowed the presentation of unduly prejudicial prior bad acts evidence pursuant to CRE 404(b).

Upon preliminary review of the Petition, Magistrate Judge Boyd N. Boland ordered the Respondents to file a pre-answer response addressing the affirmative defenses of timeliness and exhaustion of state remedies. Respondents conceded in their Pre-Answer Response that the Petition was timely, but argued that Applicant failed to present his third claim to the state courts as a federal constitutional claim. The Court dismissed claim three as procedurally barred from federal habeas review. *See* July 11, 2011 Order to Dismiss in Part. The Court further found, however, that Applicant exhausted state remedies for claims one and two. *Id.* Claims one and two of the Petition were drawn to a District Judge and to a Magistrate Judge. *Id.* The Court reviews the merits of those claims below.

## III. LEGAL STANDARD

### A. Habeas Corpus Actions

Title 28 U.S.C. § 2254(d) provides that a writ of habeas corpus may not be issued with respect to any claim that was adjudicated on the merits in state court unless the state court adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Claims of legal error and mixed questions of law and fact are reviewed pursuant to 28 U.S.C. § 2254(d)(1). *See Cook v. McKune*, 323 F.3d 825, 830 (10th Cir. 2003). The threshold question pursuant to § 2254(d)(1) is whether Applicant seeks to apply a rule of law that was clearly established by the Supreme Court at the time his conviction became final. *See Williams v. Taylor*, 529 U.S. 362, 390 (2000). Clearly established federal law "refers to the holdings, as opposed to the dicta, of [the Supreme] Court's decisions as of the time of the relevant state-court decision." *Id.* at 412. Furthermore, clearly established law consists of Supreme Court holdings in cases where the facts are at least closely-related or similar to the case sub judice. Although the legal rule at issue need not have had its genesis in the closely-related or similar factual context, the Supreme Court must have expressly extended the legal rule to that context. *House v. Hatch*, 527 F.3d 1010, 1016 (10th Cir. 2008). If there is no clearly established federal law, that is the end of the Court's inquiry pursuant to § 2254(d)(1). *See id.* at 1018. If a

clearly established rule of federal law is implicated, the Court must determine whether the state court's decision was contrary to or an unreasonable application of that clearly established rule of federal law.  *See Williams*, 529 U.S. at 404-05.

A state court decision is contrary to clearly established federal law if: (a) the state court "'applies a rule that contradicts the governing law set forth in [Supreme Court] cases'"; or (b) "'the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [that] precedent.'"  *Maynard v. Boone*, 468 F.3d 665, 669 (10th Cir. 2006) (quoting *Williams*, 529 U.S. at 405).  "The word 'contrary' is commonly understood to mean 'diametrically different,' 'opposite in character or nature,' or 'mutually opposed.'"  *Williams*, 529 U.S. at 405 (citation omitted).

A state court decision involves an unreasonable application of clearly established federal law when it identifies the correct governing legal rule from Supreme Court cases, but unreasonably applies it to the facts.  *Id.* at 407-08.  Additionally, an unreasonable application may occur if the state court either unreasonably extends, or unreasonably refuses to extend, a legal principle from Supreme Court precedent to a new context where it should apply.  *House*, 527 F.3d at 1018.

The Court's inquiry pursuant to the "unreasonable application" clause is an objective inquiry.  *See Williams*, 529 U.S. at 409-10.  "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.  Rather that application must also be unreasonable."  *Id.* at 411.  "[A]

decision is 'objectively unreasonable' when most reasonable jurists exercising their independent judgment would conclude the state court misapplied Supreme Court law." *Maynard*, 468 F.3d at 671.

Claims of factual error are reviewed pursuant to 28 U.S.C. § 2254(d)(2).  *See Romano v. Gibson*, 278 F.3d 1145, 1154 n.4 (10th Cir. 2002).  Section 2254(d)(2) allows the Court to grant a writ of habeas corpus only if the relevant state court decision was based on an unreasonable determination of the facts in light of the evidence presented to that court.  Pursuant to § 2254(e)(1), the Court must presume that the state court's factual determinations are correct and Applicant bears the burden of rebutting the presumption by clear and convincing evidence.

Finally, the Court "owe[s] deference to the state court's result, even if its reasoning is not expressly stated."  *Aycox v. Lytle*, 196 F.3d 1174, 1177 (10th Cir. 1999); *see also Harrington v. Richter*, --- U.S. ----, 131 S.Ct. 770, 785 (2011) (reconfirming "that § 2254(d) does not require a state court to give reasons before its decision can be deemed to have been "adjudicated on the merits.").

**B. *Pro Se* Litigant**

Applicant is proceeding *pro se*. The court, therefore, "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys."  *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted); *see also Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).  However, a *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based."  *Hall v. Bellmon*, 935 F.2d

1106, 1110 (10th Cir.1991). A court may not assume that an applicant can prove facts that have not been alleged or that a respondent has violated laws in ways that an applicant has not alleged. *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). The Applicant's pro se status does not entitle him to an application of different rules. *See Montoya v. Chao*, 296 F.3d 952, 957 (10th Cir. 2002).

## IV. ANALYSIS

### A. Claim One

Applicant asserts in his first claim that the trial court violated his due process rights by admitting the investigating officer's identification of the Applicant because such identification was based on an unduly suggestive pretrial identification procedure. Petition, at 5.

A challenge to the constitutionality of a pretrial identification procedure requires a two-step analysis. First, the Court decides whether the procedure was unnecessarily suggestive. *Grubbs v. Hannigan*, 982 F.2d 1483, 1489 (10th Cir. 1993) (citation omitted). Second, if the identification is found to have been unnecessarily suggestive, the Court "must then weigh the corrupting influence of the suggestive procedure against the reliability of the identification itself." *Id*. at 1489-90 (citing *Manson v. Brathwaite*, 432 U.S. 98, 114 (1977)). "[R]eliability is the linchpin in determining the admissibility of identification testimony. . . ." *Manson*, 432 U.S. at 114. A determination of reliability includes assessment of the following factors: the opportunity of the witness to view the criminal at the time of the crime; the witness's degree of attention; the accuracy of his

prior description of the criminal; the level of certainty demonstrated at the confrontation; and the time between the crime and the confrontation. *Id*. (citing *Neil v. Biggers*, 409 U.S. 188, 199-200 (1972)). In employing the balancing test, the Court must ask whether "under all the circumstances of [the] case, there is 'a very substantial likelihood of irreparable misidentification.'" *Manson*, 432 U.S. at 116 (quoting *Simmons v. United States*, 390 U.S. 377, 384 (1968)).

Before trial, Applicant filed a motion to suppress the investigating officer's identification testimony at trial. State Court R. Vol. I, at 104-106. At an evidentiary hearing on the motion, the prosecution conceded that the out-of-court identification was unduly suggestive because the officer was shown only the Applicant's photograph. State Court R., April 27, 2007 Hearing Tr., at 3. Notwithstanding, the trial court ruled, based on the testimony of the investigating officer, that the identification was reliable and could be admitted for in-court identification of Applicant at trial. *Id.* at 62-63.

On direct appeal of Applicant's conviction, the Colorado Court of Appeals applied the legal analysis set forth in *Manson* and *Biggers*, *see Irvin*, Pre-Answer Resp. Ex. D, at 5-6, and made the following determination:

> Here, the investigating officer viewed the suspect flooded in light at a distance of six to seven feet for six to ten seconds with his attention specifically focused on viewing the driver for subsequent identification. During his observation, the officer identified several of the suspect's key features upon which he relied in his subsequent identification, he described the head and facial features to a fellow officer thirty to sixty minutes after viewing the suspect in the car, and, upon viewing the photograph of defendant provided by the fellow officer, his identification was immediate and certain. Consequently, we conclude there is sufficient evidence to support the trial court's conclusion, after weighing the totality of the circumstances, that there was no substantial risk of misidentification

>from the photo identification and, although suggestive, it was sufficiently reliable.

*Id.*, at 8-9.

The state appellate court's factual findings are presumed correct and are supported by the officer's testimony at the pre-trial evidentiary hearing. State Court R., April 7, 2007 Hearing Tr., at 6-10. Applicant has not rebutted these factual findings with any clear and convincing evidence to the contrary. *See* 28 U.S.C. § 2254(e)(1). Based on the evidence presented, there was not a substantial likelihood of misidentification. *See e.g. Manson*, 432 U.S. at 115-116 (finding undercover officer's identification of drug dealer reliable where undercover officer observed defendant in natural light for two to three minutes during drug transaction; undercover officer gave a general description of seller to a second officer within minutes after the transaction; second officer left a photograph of individual who fit that description on undercover officer's desk; and, officer examined photograph alone and identified photograph as the dealer two days later); *Archuleta v. Kerby*, 864 F.2d 709, 712 (10th Cir.1989) (upholding reliability of victim's identification based on several seconds of observation; identification was "unequivocal," and took place only thirty minutes after the robbery); *United States v. Thurston*, 771 F.2d 449, 453 (10th Cir. 1985) (identification was reliable where witness had opportunity to view the defendant under lighting conditions that "were adequate," and identification occurred within four hours of the incident). The Court finds that the Colorado Court of Appeals' decision was based on a reasonable determination of the facts in light of the evidence presented at the pre-trial hearing and is consistent with

*Manson* and *Biggers*. Accordingly, Applicant is not entitled to federal habeas relief for his first claim.

### B. Claim Two

Applicant asserts in his second claim that the trial court erred in failing to suppress his custodial statements at trial because police officers lacked probable cause to arrest him. Petition, at 6.

"[T]he Fourth Amendment's protection against 'unreasonable . . . seizures' includes seizure of the person." *California v. Hodari D.*, 499 U.S. 621, 624 (1991) (citation omitted). Any evidence obtained as a result of an illegal seizure is subject to the exclusionary rule. *See Weeks v. United States*, 232 U.S. 383, 398 (1914) (establishing the exclusionary rule).

In *Stone v. Powell*, 428 U.S. 465 (1976), the Supreme Court limited federal habeas review for alleged Fourth Amendment violations based on the Court's determination that any additional contribution gained from consideration of search-and-seizure claims of state prisoners on collateral review is small in relation to the associated costs. 428 U.S. at 493-94. The Court held that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." *Stone*, 428 U.S. at 494.

The Supreme Court has not defined precisely the phrase "opportunity for full and fair litigation." *See Gamble v. State of Oklahoma*, 583 F.2d 1161, 1164 (10th Cir. 1978). In *Gamble*, the Tenth Circuit determined that the phrase:

> includes, but is not limited to, the procedural opportunity to raise or otherwise present a Fourth Amendment claim. It also includes the full and fair evidentiary hearing contemplated by *Townsend* [*v. Sain*, 372 U.S. 293 (1963)]. Furthermore, it contemplates recognition and at least colorable application of the correct Fourth Amendment constitutional standards.

*Id.* at 1165. "Thus, a federal court is not precluded from considering Fourth Amendment claims in habeas corpus proceedings where the state court willfully refuses to apply the correct and controlling constitutional standards." *Id.*

In this case, Applicant filed a motion to suppress all statements he made to the police following his arrest, arguing that the police did not have probable cause to arrest him and therefore his statements were the fruit of his illegal arrest. State Court R. Vol. 1, at 98-100. After holding an evidentiary hearing, the trial court denied the motion to suppress. State Court R., April 7, 2007 Hearing Tr., at 63-64. The trial court determined that the arresting officer had probable cause to arrest the Applicant based on information the arresting officer was provided by the investigating officer. *Id.*

The Colorado Court of Appeals affirmed the trial court's ruling, finding that there was "ample evidence in the record demonstrating probable cause to believe an offense had been committed and that defendant committed the offense which supports the warrantless arrest." *Irvin*, Pre-Answer Resp., Ex. D, at 12 (citing investigating officer's identification of Applicant as the person who entered and drove the stolen vehicle and

who repeatedly crashed into police cars as he fled the scene; reliability of photo identification; and Applicant's waiver of his *Miranda* rights upon his arrest).

The Court finds that the state trial and appellate court proceedings sufficed to provide Applicant with an opportunity for full and fair litigation of his Fourth Amendment claim. *See Smallwood v. Gibson*, 191 F.3d 1257, 1265 (10th Cir. 1999) (holding that petitioner was not entitled to habeas review of Fourth Amendment claim where petitioner's trial counsel informed the trial court of the factual basis for a Fourth Amendment claim, appellate counsel presented the issue to the state appellate court on direct appeal, and the state courts "thoughtfully considered the facts underlying petitioner's Fourth Amendment claim" but rejected it on the merits by applying appropriate Supreme Court precedents). Although the Colorado Court of Appeals relied on a state statute in resolving Applicant's claim, *see* Colo. Rev. Stat. §16-3-102 (2010),[1] the statute incorporates the federal constitutional mandate that an arrest must be supported by probable cause. *See* U.S. Const. amend. IV (providing that the right of the people to be secure in their persons against unreasonable seizures shall not be

---

[1]Colo. Rev. Stat. §16-3-102 provides:

(1) A peace officer may arrest a person when:

(a) He has a warrant commanding that such person be arrested; or

(b) Any crime has been or is being committed by such person in his presence; or

(c) He has probable cause to believe that an offense was committed and has probable cause to believe that the offense was committed by the person to be arrested.

violated, except upon a finding of probable cause).  Furthermore, the state appellate court decision cited Colorado Supreme Court cases that are rooted in Fourth Amendment jurisprudence.  *Irvin*, Pre-Answer Resp. Ex. E, at 10 (citing *People v. Washington*, 865 P.2d 145, 147 (Colo. 1994), *People v. Tufts*, 717 P.2d 485, 491 (Colo. 1986), citing *Banks v. People*, 696 P.2d 293, 296 (Colo. 1985) (and Supreme Court cases cited therein))*.*

Applicant does not assert, nor is it apparent from the state court record, that the state courts failed to recognize or wilfully ignored controlling legal standards.  Instead, Applicant merely disagrees with the result of the state court proceeding.  The Court finds and concludes that Applicant is barred by *Stone* and *Gamble* from federal habeas review of his Fourth Amendment claim, and claim three must therefore be dismissed.

**V.  ORDER**

Accordingly, it is

ORDERED that Applicant Paul James Irvin's second amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 [Docket No. 16] is denied and this action is dismissed with prejudice.  It is further

ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right.

DATED October 20, 2011.

             BY THE COURT:

             s/Philip A. Brimmer
             PHILIP A. BRIMMER
             United States District Judge